(No. 76-CC-1554—)

ROCK ISLAND FRANCISCAN HOSPITAL, Claimant, *v.* STATE OF ILLINOIS and ILLINOIS DEPARTMENT OF PUBLIC AID, Respondent.

*Opinion filed December 19, 1977.*

JAMES J. GENDE, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

POLOS, C.J.

This is a claim by the Rock Island Franciscan Hospital against the Illinois Department of Public Aid, to recover the sum of $886.47, being the balance due for medical goods and services provided to one Charles Smith during the period May 17, 1974, to June 18, 1974.

Prior to June 18, Charles Smith was a patient at the Claimant hospital. On May 14, 1974, the Utilization Review Committee of the Claimant hospital determined that Charles Smith should be discharged on May 17, 1974. The decision of the committee resulted in Smith's medicare benefits being terminated as of that date.

It appears that Smith's condition was such that he could not return home, but rather that it was necessary to place him in a nursing home. In such instances, it is the usual procedure for an application for Public Aid benefits to be submitted to the Department of Public Aid to cover the period from the termination of medicare benefits to placement in the nursing home. This application was completed by Claimant on behalf of Mr. Smith on May 17, 1974, and was received at the Department of Public Aid on May 20. The document recited that Mr. Smith's estimated hospital stay was "until nursing home placement."

Although the Department of Public Aid finally accepted Mr. Smith's application for Public Aid benefits on July 14, 1976, retroactive to April 19, 1974, it refused responsibility for any expense incurred between May 16, 1974, the effective date of the decision of the Utilization Review Committee, and June 18, 1974, the date on which Mr. Smith was placed in a nursing care center. Respondent contends that it did not receive proper notification of the decision of the Utilization Review Committee so as to make it responsible for the expenses incurred during this period.

Thus the sole issue in this action is whether the Department of Public Aid received proper notice from the Claimant of the decision of the Utilization Review Committee, so as to permit the Department to make a decision on eligibility and take the necessary steps for placement.

The Court finds that Claimant established, by a preponderance of the evidence, that the Department of Public Aid was given timely notice of the decision terminating Mr. Smith's medicare benefits. Certain of Claimant's business records which were introduced into evidence indicated several contacts between

171

Claimant's social workers and the Department of Public Aid in May, 1974, relating to Mr. Smith's situation. A witness for Claimant further testified that there had been numerous conversations between agents of the Claimant and employees of the Department of Public Aid in May, 1974, which would show an awareness of the decision of the Utilization Review Committee.

Although Respondent contends that the notice given by Claimant was improper, it is unable to cite any rule or regulation establishing a contrary, formal procedure for such notification. In fact, Respondent's own witnesses agreed that the usual system of notification was informal.

In conclusion, the evidence shows that the Respondent did have timely notice of the decision of the Utilization Review Committee, and that the notice was given in the usual and customary manner.

It is therefore ordered that Claimant be, and hereby is, awarded the sum of $886.47.